11-1512-cv
Zahl v. Kosovsky

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27th day of March, two thousand twelve.

PRESENT:
>ROBERT A. KATZMANN,
>REENA RAGGI,
>>*Circuit Judges*,
>JED S. RAKOFF,
>>*District Judge.*[*]

――――――――――――――――――――――――――――――――――

KENNETH ZAHL, individually and on behalf of
his child A.Z.,

>*Plaintiff-Appellant*,

>v.                                                      11-1512-cv

KAREN KOSOVSKY, HARRY KOSOVSKY, GERTRUDE KOSOVSKY, KEVIN MCKEOWN, AKA Kevin McNamara, AKA John Sweeny, ROBERT DOBRISH, ESQ., DOBRISH, ZEIR, GROSS, WRUBEL, LLP, JOANN DOUGLAS, ESQ., SOFT SPLIT KIDS LLC, SOFTSPLIT LLC, MARILYN G. DIAMOND, ESQ., individually, JOAN B. LOBIS, in her individual and official capacity, LAURA VISITACION LEWIS, in her official capacity, JONATHAN LIPPMAN, in his individual and official capacity, JACQUELINE SILBERMANN, in her individual and official capacity, NEW YORK STATE UNIFIED COURT SYSTEM and

――――――――――――――

[*]Judge Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

1

its OFFICE OF COURT ADMINISTRATION in its official capacity, JOHN DOES 1-100, JANE DOES 1-100,

*Defendants-Appellee*s.

_____

FOR PLAINTIFF-APPELLANT:                   Kenneth Zahl, *pro se*, Morristown, N.J.

FOR DEFENDANTS-APPELLEES
ROBERT DOBRISH, ESQ. AND
DOBRISH, ZEIF, GROSS, WRUBEL, LLP:         A. Michael Furman & Andrew R. Jones, Furman, Kornfeld & Brennan LLP, New York, N.Y.

FOR DEFENDANT-APPELLEE
JOANN DOUGLAS, ESQ.:                       Jonathan B. Bruno, Kaufman, Borgeest & Ryan, LLP, New York, N.Y.

FOR DEFENDANTS-APPELLEES
KAREN KOSOVSKY, HARRY KOSOVSKY
AND GERTRUDE KOSOVSKY:                     Emily A. Stubbs & Jeffrey R. Wang, Friedman, Kaplan, Seiler & Adelman, LLP, New York, N.Y.

FOR DEFENDANTS-APPELLEES
MARILYN DIAMOND, JOAN LOBIS,
JONATHAN LIPPMAN, JACQUELINE
SILBERMANN, NEW YORK STATE UNIFIED
COURT SYSTEM & ITS OFFICE OF COURT
ADMINISTRATION, JOHN DOES 1-100
AND JANE DOES 1-100:                       Sudarsana Srinivasan, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Michael S. Belohlavek, Senior Counsel, *on the brief*), *for* Eric T. Schneiderman, Attorney General of the State of New York, New York, N.Y.

FOR DEFENDANT-APPELLEE KEVIN
MCKEOWN:                                   Kevin McKeown, *pro se*, New York, N.Y.

2

Appeal from the judgment of the United States District Court for the Southern District of New York (Swain, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Kenneth Zahl, proceeding *pro se*, appeals from the district court's March 3, 2011 Memorandum Opinion and Order dismissing his complaint, which was brought on behalf of himself and his child. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review dismissal of a cause of action under Fed. R. Civ. P. 12(b)(1) or 12(b)(6) *de novo*." *Jaghory v. N.Y. State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997). Dismissal of a case for lack of subject matter jurisdiction under Rule 12(b)(1) is proper "when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). To survive a Rule 12(b)(6) motion to dismiss, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, ___, 129 S. Ct. 1937, 1949 (2009).

We have conducted a *de novo* review of the record in light of these standards and now affirm for substantially the same reasons set forth in the district court's thorough and well-reasoned Memorandum Opinion and Order. The district court correctly applied the *Rooker-Feldman* doctrine in holding that it lacked subject matter jurisdiction over the claims in the complaint that effectively sought redress of Zahl's alleged injuries caused by state court decisions issued in connection with his completed matrimonial proceedings. *See Hoblock v.*

3

*Albany Cnty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005)*; see also D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482-84 & n.16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). The district court also properly abstained from deciding those issues relating to Zahl's post-judgment matrimonial action that remained pending when Zahl filed his federal complaint. *See Younger v. Harris*, 401 U.S. 37 (1971). On appeal, Zahl sets forth no facts or legal authority as to why he was prevented from litigating his constitutional claims in state court. *See Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982) ("So long as the constitutional claims . . . *can* be determined in the state proceedings . . . the federal courts should abstain.") (emphasis added)).

Finally, Zahl's argument that the district court improperly dismissed his claims against defendants Soft Split Kids, LLC and SoftSplit, LLC without first requiring these defendants to file responsive pleadings or holding a hearing on whether they had properly been served is without merit. A district court has inherent authority to dismiss meritless claims *sua sponte*, even where a plaintiff has paid the filing fee. *See Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (per curiam). Thus, because the district court properly concluded that all of Zahl's claims were meritless, there was no error in its dismissal of the complaint prior to receiving responsive pleadings from all defendants.

We have considered all of Zahl's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4