24-485-cv
*Thayer v. Vermont Dep't for Children and Families*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of January, two thousand twenty-five.

PRESENT:
> JOSÉ A. CABRANES,
> REENA RAGGI,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

---

KEZIAH THAYER, ELAM THAYER, AND MARTHA THAYER,

*Plaintiffs-Appellants*,

v.                                                          24-485-cv

VERMONT DEPARTMENT OF CHILDREN AND FAMILIES, DCF, IN THEIR OFFICIAL CAPACITY, KENNETH SCHATZ, COMMISSIONER, DCF, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY, LAURA KNOWLES, SUPERVISOR VERMONT DEPARTMENT OF CHILDREN AND

FAMILIES (DCF) IN HER INDIVIDUAL CAPACITY, MONICA BROWN, DCF CASE WORKER, IN HER INDIVIDUAL CAPACITY, CHRISTOPHER CONWAY, DCF CASE WORKER, IN HIS INDIVIDUAL CAPACITY, JENNIFER BURKEY, DCF DISTRICT DIRECTOR, IN HER INDIVIDUAL CAPACITY, CHRISTINE JOHNSON, DEPUTY COMMISSIONER OF DCF, FOR THE FSD, IN HER OFFICIAL CAPACITY, KAREN SHEA, FORMER DEPUTY COMMISSIONER FOR THE DCF FAMILY SERVICES DIVISION, IN HER INDIVIDUAL CAPACITY, JACQUELINE PELL, DCF FAMILY SERVICES SUPERVISOR, IN HER INDIVIDUAL CAPACITY, SARAH KAMINSKI, DCF CASE WORKER, IN HER INDIVIDUAL CAPACITY, JOHN W. DONNELLY, PH.D., PLLC, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY,

*Defendants-Appellees.*

JUSTICES OF THE VERMONT SUPREME COURT, IN THEIR OFFICIAL CAPACITY, VERMONT CHIEF SUPERIOR JUDGE, IN THEIR OFFICIAL CAPACITY, LUND FAMILY CENTER, INC., IN THEIR OFFICIAL CAPACITY.

*Defendants.**

---

FOR PLAINTIFFS-APPELLANTS:          DAVID J. SHLANSKY, (Colin R. Hagan, *on the brief*), Shlansky Law Group, LLP, Chelsea, MA.


FOR DEFENDANTS-APPELLEES          DAVID MCLEAN, *for* Attorney General Charity Clark, Montpellier, VT, *for Vermont Department for Children and Families*.

---

* The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

EVAN J. O'BRIEN (Monica H. Allard, *on the brief*), Downs Rachlin Martin PLLC, Burlington, VT, *for John W. Donnelly, Ph.D.*

Appeal from a judgment of the United States District Court for the District of Vermont (Geoffrey W. Crawford, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered January 23, 2024 is **AFFIRMED**.

On appeal, Plaintiffs-Appellants Keziah Thayer ("Thayer") and grandparents Martha and Elam Thayer ("Grandparents") challenge multiple district court orders leading to a final judgment in favor of Defendant-Appellees. First, they argue that the district court wrongly dismissed their claims against the Vermont Department for Children and Families and some of their employees in the First Amended Complaint ("FAC") as barred by the *Rooker-Feldman* doctrine. *See Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983). Second, Appellants contend that the district court erred by dismissing Thayer's claim for wrongful interference with custody as to Defendants John W. Donnelly and John W. Donnelly, Ph.D., PLLC ("Donnelly Defendants"). Third, Appellants state that the district court erred by abstaining from evaluating its Indian Child Welfare Act ("ICWA") claim pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). Finally, Appellants argue that the district court incorrectly granted summary judgment as to the Grandparents' claims for intentional

3

infliction of emotional distress ("IIED") and violations of civil rights under 42 U.S.C. § 1983.[1] We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal, to which we refer only as necessary to explain our decision to affirm.

## DISCUSSION

### I.     *Rooker-Feldman* **Arguments**

The *Rooker-Feldman* doctrine deprives a federal court of subject matter jurisdiction if "(1) the federal-court plaintiff lost in state court; (2) the plaintiff complains of injuries caused by a state court judgment; (3) the plaintiff invites review and rejection of that judgment; and (4) the state judgment was rendered before the district court proceedings commenced." *Hunter v. McMahon*, 75 F.4th 62, 68 (2d Cir. 2023) (internal quotation marks omitted). Appellants contest only the second and third factors. We review the application of the *Rooker-Feldman* doctrine *de novo*. *See Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 83 (2d Cir. 2005).

An injury is caused by a state court judgment when "a federal suit complains of injury from a state-court judgment, even if it appears to complain only of a third party's actions, when the third party's actions are produced by a state-court judgment and not

---

[1] In their brief, Appellants also argue that the district court erred by denying leave to file a second amended complaint to add an intentional infliction of emotional distress, loss of consortium, and civil conspiracy count. Despite listing this as an issue on appeal, Appellants do not otherwise address this argument. As such, Appellants have abandoned this argument. *See Schwapp v. Town of Avon*, 118 F.3d 106, 112 (2d Cir. 1997).

simply ratified, acquiesced in, or left unpunished by it." *Id.* at 88. But the doctrine "does not bar claims based on an opponent's misconduct that precedes the state court proceeding." *Dorce v. City of New York*, 2 F.4th 82, 104 (2d Cir. 2021).

In this Circuit, we generally analyze the applicability of the *Rooker-Feldman* doctrine on a claim-by-claim basis. *See id.* at 103 (analyzing each of the plaintiff's alleged injuries and determining that the *Rooker-Feldman* doctrine bars "only some of [the plaintiff's] claims"). For each claim, there must be "a 'causal relationship between the state-court judgment and the injury of which the party complains in federal court.'" *Hunter*, 75 F.4th at 72 (quoting *Milchtein v. Chisholm*, 880 F.3d 895, 898 (7th Cir. 2018)). That is this case.

As the district court explained, "the injuries that Ms. Thayer complains of can all be traced to state court orders." App'x 30–31.[2] In urging otherwise, Appellants contend that the district court erred by failing to conduct an individual analysis of Thayer's claims. The record, however, shows that the district court reached the quoted conclusion based

---

[2] Counts I, II, IV, and V each allege "loss of custody of her children for almost four years and the indefinite future; the physical, emotional, and psychological damage resulting from the loss of custody of, and separation from, Plaintiff's children; litigation expenses, including attorneys' fees and costs; loss of reputation, humiliation, embarrassment, inconvenience, mental and emotional anguish and distress; and other compensatory damages, in an amount to be determined at trial." FAC ¶¶ 195, 213, 245, 257. Counts III, VI, and VII repeat these injury allegations with minor and non-substantive alterations to the phrasing. FAC ¶¶ 237, 268, 272. Moreover, Count VIII seeks declaratory and injunctive relief to "stop[] any further acts to destroy Ms. Thayer's family, terminate her parental rights, or otherwise advance an unlawful family separation." FAC ¶ 274.

on a claim-by-claim analysis of the FAC and explained its rationale further in a subsequent order denying reconsideration. Thus, on *de novo* review, we conclude that Appellants' claims are barred by *Rooker-Feldman*. *Hunter*, 75 F.4th at 68.

## II. Wrongful Interference Claims

Insofar as Appellants sue for wrongful interference with custody, that state law tort is not broad enough to reach the Donnelly Defendants. Courts interpreting Vermont law analyze that tort by reference to § 700 of the Restatement (Second) of Torts. *See, e.g.*, *Schuppin v. Unification Church*, 435 F. Supp. 603, 608 (D. Vt. 1977) (analyzing "causes of action for alienation of affections between parent and child" based on § 700), *aff'd*, 573 F.2d 1295 (2d Cir. 1977). Appellants identify no authority from Vermont or elsewhere in which § 700 (or any other formulation of a wrongful interference tort) has been construed so expansively as to reach expert witnesses and mental health professionals based on their participation in child custody proceedings. Rather, the few state supreme courts that have considered the question have declined to extend tort liability to ancillary professionals involved in custody proceedings. *See, e.g.*, *Padula-Wilson v. Landry*, 841 S.E.2d 864, 871 (Va. 2020) ("[N]o cause of action for tortious interference with a parental or custodial relationship may be maintained against . . . an adverse expert witness based upon his/her expert testimony and/or participation in a child custody and visitation proceeding."); *Wilson v. Bernet*, 625 S.E.2d 706, 714 (W. Va. 2005) ("[N]o cause of action for tortious interference with parental or custodial relationship may be maintained

6

against an adverse expert witness based upon his/her expert testimony and/or participation in a child custody and visitation proceeding."). Absent any countervailing authority, we agree with the district court that Appellants failed to state a wrongful interference claim.

## III. *Younger* Abstention

The district court properly abstained from deciding Appellants' ICWA claim under *Younger*. *See Diamond "D" Const. Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002) (stating that *Younger* mandates abstention "when three conditions are met: (1) there is an ongoing state proceeding; (2) an important state interest is implicated in that proceeding; and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of the federal constitutional claims."). Insofar as Appellants dispute whether there is an "ongoing state proceeding," the district court correctly identified Thayer's post-judgment proceedings challenging the termination of her parental rights as an "ongoing proceeding" for which *Younger* abstention is required. *See, e.g.*, *Zahl v. Kosovsky*, 471 F. App'x 34, 36 (2d Cir. 2012) (summary order) (holding that "district court also properly abstained from deciding [ ] issues relating to [ ] post-judgment matrimonial action that remained pending.").

## IV. Intentional Infliction of Emotional Distress and § 1983

As for Appellants' IIED and § 1983 claims, the former requires allegations of conduct "so outrageous and extreme as to go beyond all possible bounds of decency,"

7

*Jobin v. McQuillen*, 609 A.2d 990, 993 (Vt. 1992) (internal quotation marks omitted), which are not pleaded here. As to § 1983, Appellants failed to show the deprivation of any protected property or liberty interest. An allegation that Appellees failed to follow state laws and policies cannot, by itself, support this claim. *See Holcomb v. Lykens*, 337 F.3d 217, 224 (2d Cir. 2003) ("[S]tate statutes do not create federally protected due process entitlements to specific state-mandated procedures."). And, because Appellants fail to assert with any specificity what federal laws would support this claim, they have forfeited the argument. *See In re Demetriades*, 58 F.4th 37, 54 (2d Cir. 2023) (stating that when an "issue is 'adverted to [only] in a perfunctory manner, unaccompanied by [any] effort at developed argumentation,' it must be 'deemed waived,' – or, more precisely, forfeited.") (alterations in original) (internal citations and quotation marks omitted).

\* \* \*

We have considered Appellants' remaining arguments and conclude that they are without merit. For the reasons set forth above, the judgment entered January 23, 2024 is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8